Thomas C. Seabaugh, SBN 272458
THE LAW OFFICE OF THOMAS C. SEABAUGH
333 South Grand Avenue, 42nd Floor
Los Angeles, California 90071
Phone: (213) 225-5850
Email: tseabaugh@seabaughfirm.com

Donald G. Norris, SBN 90000
DONALD G. NORRIS, A LAW CORPORATION
500 S. Grand Avenue, 18th Floor
Los Angeles, CA 90071
Phone: (213) 232-0855
Email: dnorris@norgallaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSEPH KISHORE**, Socialist Equality Party candidate for U.S. President; and **NORISSA SANTA CRUZ**, Socialist Equality Party candidate for U.S. Vice President,<br><br>Plaintiffs,<br><br>v.<br><br>**GAVIN NEWSOM**, Governor of California; and **ALEX PADILLA**, Secretary of State of California, in their official capacities,<br><br>Defendants. | Case No.: 2:20-cv-05859<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>**(42 U.S.C. §1983)** |

JOSEPH KISHORE, Socialist Equality Party candidate for U.S. President; and NORISSA SANTA CRUZ, Socialist Equality Party candidate for U.S. Vice President (together, "Plaintiffs") bring this Complaint against Defendants GAVIN NEWSOM, Governor of California; and ALEX PADILLA, Secretary of State of California, in their official capacities (together, "Defendants").

## Summary of this Civil Action

1.     Plaintiffs Joseph Kishore and Norissa Santa Cruz are the Socialist Equality Party ("SEP") candidates for United States President and Vice President. They seek to be placed on California's November 2020 election ballot as independents.  California requires independent candidates for president and vice president to gather and submit nearly 200,000 physical signatures between April 24, 2020 and August 7, 2020 in order to obtain that ballot status.  It is effectively impossible for the Plaintiffs to meet that requirement in light of the ongoing global COVID-19 pandemic and the state's countermeasures.

2.     For the past three months, anyone attempting to collect such signatures in California would have risked infection and death from the coronavirus, and even possible criminal prosecution.  As of the filing of this complaint, there have been over 210,000 confirmed cases of the virus in California, and nearly 6,000 deaths. Indeed, as deadlines related to the November elections approach, new COVID-19 infections are on the rise throughout the state.  Under these circumstances, enforcing the existing ballot access requirements as against Plaintiffs would be tantamount to voter suppression, thereby violating the fundamental democratic rights of the candidates as well as those of California voters.

3.     The SEP has a long political history in the state of California, and has received substantial electoral support across the state in recent years.  The party ran John Christopher Burton in 2003 as its gubernatorial candidate.  Burton won 6,748 votes, more than any other socialist candidate and 14th place overall.  Burton placed better than 56 of 59 Democratic candidates.  In 2018, David Moore was the SEP's

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

candidate for U.S. Senate, receiving 24,614 votes, more than any other candidate who was not a Democrat, Republican or Libertarian.  That same year, Kevin Mitchell ran as the SEP's candidate for Congress in the state's 51st congressional district, receiving 1,473 votes or roughly 2 percent of the total vote.  It was the party's intention to utilize its 2020 general election campaign to bring its program to as many potential voters as possible in this politically strategic state, the nation's most populous.

4.     Socialism is rapidly gaining popularity in the United States. A Gallup poll released in 2018 found that fewer than half of young people aged 18 to 29 have a positive view of capitalism, while more than half have a positive view of socialism. As an action to defend and uphold the rights of the substantial numbers of voters who wish to associate themselves with a socialist campaign and vote for socialist candidates in the upcoming elections, this lawsuit is in the public interest.

5.     Nationwide, nearly half of eligible voters (46.9 percent, according to the United States Election Project) did not vote in the 2016 presidential election, and turnout was poor for both major party candidates. This fact suggests that a substantial section of the electorate is not satisfied with the narrow range of choices that are commonly available on the ballot.

6.     Apart from election campaigns, the Socialist Equality Party's activity in the state over the past two decades has resulted a growing base of support.  The SEP has organized resistance to wage cuts and deteriorating working conditions for K-12 teachers, nurses, grocery workers, university workers, and other sections of the working class. The party has prominently opposed the mass layoffs of teachers that occur annually throughout the state.  Recently, just before lockdown orders took effect, the SEP had been a leading voice of opposition to the February 2020 firing of over 80 graduate students by the University of California.  The party spoke to students and participated in mass rallies across five campuses in their defense.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

7.     The World Socialist Web Site (wsws.org), the political organ of the SEP and its sister parties worldwide, is the most widely-read socialist publication on the Internet.  It was accessed by 3.2 million unique visitors between January 1 and April 26, 2020, a significant increase over the previous period. During that time period the total number of visits to the site was 5.6 million, and the total number of pages viewed by readers was 8.7 million.

8.     Plaintiffs announced their candidacies in an online video on January 26, 2020 (accessible at socialism2020.org), having timely filed their statements of candidacy on January 21, 2020.

9.     Pursuant to California election law, in order to appear on the general election ballot, Plaintiffs would be required to circulate nomination papers for signatures between April 24, 2020 and August 7, 2020. Cal. Elec. Code §8403 ("Nomination papers shall be prepared, circulated, signed, and delivered to the county elections official for examination no earlier than 148 days before the election and no later than 5 p.m. 88 days before the election").  According to California election officials, pursuant to Cal. Elec. Code § 8400, the petition must include a minimum of 196,964 signatures of qualified and registered voters in the State of California—one percent of the total number of registered voters in the state. *See* Cal. Elec. Code §§ 2187(c)(6), 8400.

10.    California and its counties and cities were among the first to implement coronavirus stay-at-home or shelter-in-place orders that restricted travel and public interaction.  On March 4, Governor Newsom declared a state of emergency, noting that the coronavirus began spreading in December 2019.  The order indicated that California's Department of Public Health "activated its Medical and Health Coordination Center" on January 24, 2020.  On March 12, Governor Newsom issued Executive Order N-25-20 ordering Californians not to engage in large outdoor gatherings.  On March 19, the governor issued Executive Order N-33-20

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1  (the "Stay-at-Home Order"), prohibiting an end to all non-essential public travel or
2  work or other social interactions.

3       11.    In San Diego, where Plaintiff Santa Cruz resides, Public Health Officer
4  for the County of San Diego Health and Human Services Agency, Wilma J. Wooten,
5  M.D., issued an *Order of the Health Officer and Emergency Regulations* to take
6  effect on June 19, 2020. Under this order, subject to exceptions for essential
7  workers and businesses: "All persons are to remain in their homes or at their place
8  of residence." This order further states: "Violation of this Order is subject to fine,
9  imprisonment, or both. (California Health and Safety Code section 120295.)" The
10 order also states: "Any person who violates or who refuses or willfully neglects to
11 obey this regulation is subject to fine, imprisonment, or both. (Government Code
12 section 8665.)"

13      12.    Similar orders went into effect in many if not all of the state's major
14 urban centers, including in the City of Los Angeles. On March 19, 2020, City of Los
15 Angeles Mayor Eric Garcetti issued an order (Revised May 27, 2020), which
16 provided that subject to a handful of narrow exceptions, "all persons living within
17 the City of Los Angeles are hereby ordered to remain in their homes." The order
18 further provided: "Failure to comply with this Order shall constitute a misdemeanor
19 subject to fines and imprisonment. I hereby urge the Los Angeles Police Department
20 and the City Attorney to vigorously enforce this Order via Sections 8.77 and 8.78 of
21 the Los Angeles Administrative Code." Plaintiffs understand from these and similar
22 orders that efforts to gather the required signatures during the pandemic could
23 subject them and their supporters to criminal prosecution.

24      13.    On March 20, Governor Newsom issued Executive Order N-34-20,
25 which acknowledged the danger posed by coronavirus to voting rights, declaring
26 that the virus would "impair the ability of relevant state and local officials, including
27 county elections officials and the Secretary of State, and the volunteers supporting
28 them, to meet statutory deadlines associated with these responsibilities." The order

explained that "in-person voting presents risks to public health and safety in light of the COVID-19 pandemic, and could risk undermining social distancing measures imposed by the State Public Health Officer…"  The order stated, "our elections must be accessible, secure, and safe" and concluded that voting may take place by mail-in-ballot, suspending several sections of the Elections Code.

14.    While adjustments were made on an emergency basis to some election-related procedures, Plaintiffs understand that the requirement that they gather and submit 196,964 physical signatures by August 7, 2020 remains in effect.

15.    These circumstances effectively make it impossible for Plaintiffs and their supporters to gather the signatures required to obtain ballot access in the November general election.  Unless this Court intervenes, California election law, acting in conjunction with the social effects of the pandemic and the state's countermeasures to it, will effectively bar Plaintiffs from appearing on the ballot, exclude their views from the electoral process, and suppress the socialist vote.

16.    Given this unprecedented situation, Plaintiffs seek prospective declaratory relief and injunctive relief as necessary to ensure their placement on California's November 3, 2020 general election ballot, together with attorneys' fees under 42 U.S.C. § 1988.

**The Parties, Jurisdiction and Venue**

17.    Joseph Kishore Tanniru ("Kishore"), who is known in politics as Joseph Kishore, resides in Michigan and files suit in his capacity as candidate for U.S. President.  Since 2008, Kishore has been the national secretary of the SEP in the United States, directing the party's work throughout the country.  He joined the SEP in 1999. Over the past two decades, he has written hundreds of articles for the World Socialist Web Site.

18.    Norissa Santa Cruz ("Santa Cruz") resides in California and files suit in her capacity as candidate for U.S. Vice President and as a registered voter in California.  Raised in a working-class family in San Diego County, Santa Cruz went

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

on to study cultural anthropology and ethnomusicology at the University of California, San Diego.  She currently works as an administrator in graduate education.  She has written and published extensively on the issues faced by health care workers and educators as well as in defense of immigrants and refugees.

19.    Plaintiffs timely filed their respective Statements of Candidacy with the Federal Election Commission.  Plaintiffs are registered voters of their respective states and have consistently voted in past general elections.

20.    Defendant Gavin Newsom is the California Governor. Governor Newsom has authority over the enforcement of California's ballot access laws during a state of emergency and otherwise.  Plaintiffs bring claims against Governor Newsom in his official capacity.

21.    Defendant Alex Padilla is the California Secretary of State.  Secretary Padilla is the State's chief elections official and has ultimate authority over the enforcement of the California Election Code, including the provisions challenged herein.  Plaintiffs bring claims against Secretary Padilla in his official capacity.

22.    This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1331, because Plaintiffs' claims arise under the First and Fourteenth Amendments of the United States Constitution and 42 U.S.C. §1983 and 1988.

23.    Venue is proper in this Court under 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claim occurred in this district, including the enforcement of the bans on public activity such as physical election petitioning.  Plaintiff Santa Cruz is a resident of California, and the Defendants are state officials who maintain offices throughout the State of California. This Court has personal jurisdiction over the Defendants because they are public officials in the State of California who are being sued in their official capacities, and they are residents of California.

24.    Declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201 and 2202 and Rule 65 of the Federal Rules of Civil Procedure.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**General Allegations**

25.     Plaintiffs Kishore and Santa Cruz are the Socialist Equality Party's candidates for President and Vice President of the United States, respectively.

26.     On January 21, 2020, Plaintiffs filed their Statements of Candidacy with the Federal Election Commission.

27.     Prior to and after announcing their candidacies, Plaintiffs and their election staff planned a national ballot access drive.  Plaintiffs actively sought to raise funds and recruit supporters in anticipation of these efforts.

28.     After announcing the campaign, Plaintiffs' staff of campaign volunteers began organizing a series of in-person meetings in Michigan and California to launch the campaign.  They held their first public campaign event at the University of Michigan, in Ann Arbor, on February 24, and three days later, on February 27, they held a second public campaign meeting at Wayne State University in Detroit. Plaintiffs' campaign staff promoted these events widely at both campuses and also at workplaces and public locations in the surrounding areas.

29.     The first stop on Plaintiffs' national campaign trail was California, where campaign volunteers had organized three public campaign meetings: at the University of California, Berkeley on March 3; at the University of California, Los Angeles on March 4; and at a public library in San Diego on March 5.  Plaintiffs' campaign held these three important events and gathered support throughout the main regions of the state.  During their campaign tour in California, Plaintiff Kishore also visited the University of California, Santa Cruz, where graduate students were on strike against the state's high cost of living, a concern of millions of California workers.  Plaintiff Kishore addressed this issue repeatedly as an element of his campaign platform in California.

30.     Shortly after returning from California, Plaintiffs determined that the outbreak of the coronavirus left them no choice but to cancel all subsequent public events and campaign activity, including ballot gathering initiatives, so as to protect

volunteers, staff and the public at large from spreading the coronavirus.  This decision resulted in the cancellation of a series of meetings scheduled in Michigan, Florida, Illinois and Massachusetts.  Plaintiff Kishore was planning to return to California to campaign aggressively later in the spring and summer, but he has not been able to return to the state on account of the pandemic.

31.     Pursuant to California election law, Plaintiffs would be required to file a nominating petition with the California Secretary of State's office on August 7, 2020 with a minimum of 196,964 signatures of qualified and registered voters in the State of California—one percent of the total number of registered voters in the state pursuant to Cal. Elec. Code §§ 8400, 8403.

32.     Defendants have failed to take any actions to develop a mechanism that does not involve physically gathering signatures for determining which parties and candidates may appear on the November ballot. Nor have they extended the deadline, waived or reduced the signature gathering requirements, or established any procedure for electronic signature gathering. At this point, through no fault of their own, Plaintiffs have collected zero signatures towards the total.

33.     Collecting signatures is a time-consuming process, which requires extensive and close contact with voters who reside in the state. The pandemic and the state's countermeasures have made it impossible for candidates to obtain the required number of voter signatures by the deadline. Indeed, the expected and justified result of approaching a stranger on the street with a clipboard in the summer of 2020 would be for the person to walk or run in the opposite direction.

34.     The enforcement of these requirements under these unprecedented circumstances is unconstitutional because it imposes signature requirements upon Plaintiffs that are impossible to fulfill without putting lives in danger and breaking the law. This effectively prevents Plaintiffs and their supporters, through no fault of their own, from casting a meaningful and effective vote.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

35.     Hundreds if not thousands of hours of time were spent by Plaintiffs and their supporters in preparing and launching their campaign. The enforcement of the signature requirements as well as the filing deadline severely injures Plaintiffs and their supporters, who have already invested significant time and passion into the election campaign.

36.     If the SEP's candidates are excluded from the California ballot in November, then no genuinely socialist presidential candidate will appear on the ballot.

37.     To the extent that these requirements are being enforced by Democratic Party officials in hopes of barring a party that they perceive as likely to gather votes that might otherwise be cast for their general election presidential candidate in California, this does not represent a legitimate reason for excluding Plaintiffs from the ballot.

38.     Defendants' enforcement of the deadline will leave socialist-minded voters like Plaintiffs and their supporters, who for reasons of political principle are unable to vote for non-socialist candidates, unable to vote at all.  This conduct subverts the election process, constitutes voter suppression, and arbitrarily restricts the rights of socialists to run in elections and vote for candidates that share their views.

## FIRST CLAIM FOR RELIEF

### Civil Rights Action (42 U.S.C. § 1983): Violations of the First and Fourteenth Amendment Rights of Plaintiffs as Candidates

39.     Paragraphs 1 through 38 above are incorporated by reference herein in full.

40.     The ongoing world health crisis, together with the state's measures to combat it, necessarily render California's ballot access requirements, signature

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1  totals, and deadlines, including without limitation Cal. Elec. Code §§ 8400 and

2  8403, unconstitutional as applied to Plaintiffs Kishore and Santa Cruz.

3         41.    Defendants' acts and omissions to act, together with the ongoing

4  pandemic, effectively prohibit Plaintiffs from obtaining, or even attempting to

5  obtain, the required number of signatures, and in turn, prevent them from having

6  their names placed on the November 3, 2020 general election ballot.

7         42.    Defendants' enforcement of the statutory requirements, in conjunction

8  with the operation of the state and local emergency and stay-at-home orders, make it

9  impossible for Plaintiffs and their supporters to obtain ballot access.

10        43.    Said acts and omissions to act violate Plaintiffs' rights to freedom of

11 speech and association, equal protection, and due process rights, as guaranteed by

12 the First and Fourteenth Amendments, and as protected by 42 U.S.C. §1983.

13        44.    Even were the state and local emergency and stay-at-home orders

14 lifted, petitioning would still put Plaintiffs, their supporters, and members of the

15 public at undue risk of contracting coronavirus and, therefore, expose them and their

16 families to the risk of infection and death.  Under such circumstances, the state's

17 requirements would remain unjustified and unconstitutional.

18        45.    The forgoing acts and omissions immediately injure Plaintiffs and

19 violate their rights.

20        46.    By reason of the above, Plaintiff are entitled to and do seek appropriate

21 declaratory and injunctive relief under this claim.

22

23              **SECOND CLAIM FOR RELIEF**

24 **Civil Rights Action (42 U.S.C. § 1983): Violations of the First and Fourteenth**

25     **Amendment Rights of Plaintiff Santa Cruz as a Registered Voter**

26        47.    Paragraphs 1 through 46 are incorporated by reference herein in full.

27        48.    Plaintiff Santa Cruz is a registered voter in California.

28

49.     The exclusion of Plaintiffs' candidacy through the unconstitutional enforcement of the above-referenced ballot access requirements deprives Plaintiff Santa Cruz of the choice to vote for Plaintiff Kishore as socialist candidate for President and violates her basic democratic rights.  Plaintiff Santa Cruz and many socialist-minded California voters are immediately injured by the acts and omissions of Defendants.

50.     By reason of the above, Plaintiff Santa Cruz seeks appropriate declaratory and injunctive relief under this claim for relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendants, as follows:

A.     Enter a judgment declaring that California's ballot access requirements are unconstitutional as applied to Plaintiffs Kishore and Santa Cruz in their capacities as candidates for President and Vice President of the United States, respectively, as well as to Plaintiff Santa Cruz in her capacity as a qualified voter;

B.     Enter a temporary restraining order and a preliminary and permanent injunction barring Defendants from enforcing the aforesaid ballot restrictions and requirements, as well as any substitute requirements Defendants may subsequently adopt or promote that unlawfully restrict Plaintiffs' constitutional rights;

C.     Enter a temporary restraining order and a preliminary and permanent injunction prohibiting Defendants from printing the November election ballot if it does not include the names of Plaintiffs as candidates for U.S. President and Vice President; or in the alternative, requiring Defendants to extend the filing deadline, decrease the signature requirements to a nominal number, and allow for online signature gathering;

D.     Award Plaintiffs reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 as to all claims for relief.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1        E.     Award such other relief as the Court may deem just and proper.

2

3   Dated:  June 30, 2020          LAW OFFICE OF THOMAS C. SEABAUGH

4                                  DONALD G. NORRIS, A LAW CORPORATION

5

6                                              *s/ Thomas C. Seabaugh*

7                           By_____

8                                        *Attorneys for Plaintiffs*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-13-
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF