XAVIER BECERRA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General
AMIE L. MEDLEY
Deputy Attorney General
State Bar No. 266586
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013
  Telephone:  (213) 269-6226
  Fax:  (916) 731-2124
  E-mail:  Amie.Medley@doj.ca.gov
*Attorneys for Governor Gavin Newsom and
Secretary of State Alex Padilla, in their
Official Capacities*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **JOSEPH KISHORE, Socialist Equality Party candidate for U.S. President, and NORISSA SANTA CRUZ, Socialist Equality Party candidate for U.S. Vice President,**<br><br>Plaintiffs,<br><br>**v.**<br><br>**GAVIN NEWSOM, Governor of California; and ALEX PADILLA, Secretary of State of California, in their official capacities,**<br><br>Defendants. | 2:20-cv-05859-DMG-Ex<br><br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER; REQUEST FOR BRIEFING SCHEDULE ON MOTION FOR PRELIMINARY INJUNCTION**<br><br>Courtroom:  8C<br>Judge:       The Honorable Dolly M. Gee<br>Trial Date:  Not Set<br>Action Filed:       June 30, 2020 |

**INTRODUCTION**

Plaintiffs have not established that emergency relief is necessary to prevent them from suffering irreparable injury. Nor can they do so: they face an August 7, 2020 deadline to submit collected signatures to place their candidates on the November 3, 2020 general election ballot. That deadline is over a month away—a period of time that would more than allow for a preliminary injunction motion to be fully briefed and heard by this Court.

Likewise, Plaintiffs have not been diligent in seeking relief. Plaintiffs have been aware of both the COVID-19 pandemic and the signature requirements for independent Presidential and Vice-Presidential candidates since March. And yet, Plaintiffs waited until June 30 to file their complaint and their application for a temporary restraining order. Their delay demonstrates that no emergency is at hand.

Despite the lack of emergency, rather than noticing a motion for preliminary injunction that would have allowed Defendants time to substantively respond to the arguments presented, Plaintiffs chose to use this Court's TRO procedures, which require a response within twenty-four hours of service.[1] The TRO application includes a fourteen-page brief accompanied by eight declarations, three of which attach multiple exhibits. The Court would benefit from similarly thorough briefing from Defendants, in the absence of an emergency requiring a response within twenty-four hours. As such, Defendants respectfully request that this Court deny the TRO application and set a briefing schedule on the preliminary injunction motion that allows Defendants a reasonable amount of time to respond.[2]

_____

[1] It is not entirely clear whether or when service has been effected on Defendants in this action. Plaintiffs attempted service by sending the documents to a Legal Analyst, Rajbir Bathla, at the Secretary of State's office on June 30. But as this Court noted, Mr. Bathla was not authorized to accept service. ECF 9 at 2. Plaintiffs attempted service again by sending them to the Attorney General's service email address on July 1 at 1:39 p.m. Defendants are filing this opposition out of an abundance of caution.

[2] Defendants propose that the deadline for their opposition to the motion for

1

1

**LEGAL STANDARD**

2     TROs are emergency measures, intended to preserve the status quo pending a

3 full hearing on the injunctive relief requested, and the irreparable harm must

4 therefore be immediate.  Fed. R. Civ. Proc. 65(b)(1); *see Reno Air Racing Ass'n,*

5 *Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006).  Such relief is an

6 "extraordinary and drastic remedy," *Munaf v. Geren*, 553 U.S. 674, 690 (2008),

7 hinging on "a significant threat of irreparable injury that must be imminent in

8 nature." *Givens v. Newsom*, No. 2:20-cv-00852-JAM-CKD, 2020 WL 2307224,

9 at *3 (E.D. Cal. May 8, 2020) *appeal docketed*, No. 20-15949 (9th Cir. May 19,

10 2020) (internal citations omitted).

11     Beyond their emergency nature, TROs are subject to standards similar to those

12 governing preliminary injunctions.  Plaintiffs must show that they are likely to

13 succeed on the merits, that they are likely to suffer irreparable harm without

14 emergency relief, that the balance of equities tips in their favor, and that an

15 injunction is in the public interest.  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S.

16 7, 20 (2008).

17     Alternatively, injunctive relief "is appropriate when a plaintiff demonstrates

18 that serious questions going to the merits were raised and the balance of hardships

19 tips sharply in the plaintiff's favor." *Alliance for the Wild Rockies v. Cottrell*, 632

20 F.3d 1127, 1134-35 (9th Cir. 2011).  Even under this alternative sliding scale test,

21 plaintiffs must make a showing of all four *Winter* factors.  *Id*. at 1132, 1135.

22 Injunctive relief "is 'an extraordinary and drastic remedy, one that should not be

23 granted unless the movant, by a clear showing, carries the burden of persuasion.'"

24 *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

25     Significantly, preliminary injunctions that would alter the status quo are

26 "particularly disfavored."  *Stanley v. Univ. of So. Cal.*, 13 F.3d 1313, 1320 (9th Cir.

27 preliminary injunction be set for no earlier than July 13, 2020, and that the deadline
for any reply be set for no earlier than July 17, 2020, with the hearing set on the

28 next available date on the Court's calendar before August 7, 2020.

2

1  1994) (quotation omitted).  "It is so well settled as not to require citation of

2  authority that the usual function of a preliminary injunction is to preserve the status

3  quo ante litem pending a determination of the action on the merits."  *Tanner Motor*

4  *Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 808 (9th Cir. 1963).

5                                              **ARGUMENT**

6  **I.    A TRO SHOULD NOT ISSUE BECAUSE EMERGENCY RELIEF IS NOT**
   **WARRANTED**

7

8          Plaintiffs' delay in filing their complaint and request for injunctive relief

9  demonstrates that their motion is not appropriate for a TRO.  The period to gather

10  signatures to place an independent candidate on the ballot opened on April 24,

11  2020.  The current COVID-19 crisis has been ongoing since no later than March, as

12  demonstrated by the Governor's proclamation of a state of emergency on March 4

13  and the stay-at-home order issued on March 19.[3]  And yet, Plaintiffs waited to file

14  their complaint and application for a TRO—which, along with supporting

15  declarations and exhibits, total more than 100 pages of pleadings, declarations, and

16  exhibits—until June 30, 2020, under procedures that require a response from

17  Defendants in less than 24 hours.[4]  The lack of emergency is also clear based on the

18  fact that the deadline for Plaintiffs to file their signatures with the Secretary of State

19  is August 7, 2020—more than one month from the date of this filing.  ECF No. 1

20  (Complaint) at ¶ 1.  There is sufficient time before that deadline for this Court to

21

22          [3] *See* Proclamation of Emergency, available at https://www.gov.ca.gov/wp-
content/uploads/2020/03/3.4.20-Coronavirus-SOE-Proclamation.pdf; Executive

23  Order N-33-20, available at https://www.gov.ca.gov/wp-
content/uploads/2020/03/3.19.20-attested-EO-N-33-20-COVID-19-HEALTH-
ORDER.pdf.  This directive is judicially noticeable as a matter of public

24  record.  *Lee v. City of Los Angeles*,  250 F.3d 668, 689 (9th Cir. 2001); *Givens v.*
*Newsom*, No. 2:20-cv-00852-JAM-CKD, 2020 WL 2307224, *2 (E.D. Cal. May 8,

25  2020); *Cross Culture Christian Ctr. v. Newsom*, --- F. Supp. 3d ---, 2020 WL
2121111, at *2 (May 5, 2020).

26          [4] Although Plaintiffs' application is not styled as an *ex parte* motion, it seems
clear that they are invoking those procedures for their current application.

27  However, this is not a case where "the tomatoes are about to spoil or the yacht is
about to leave the jurisdiction."  *Mission Power Engineering Co. v. Continental*

28  *Cas. Co.*, 883 F.Supp. 488, 491-92 (C.D. Cal. 1995).

                                                    3

consider and rule on a fully-briefed motion for preliminary injunction before the requested relief would be required.

Indeed, a TRO—as an extraordinary measure designed to preserve the status quo for no more than two weeks—is not the appropriate vehicle to provide the requested relief.  Under Federal Rule of Civil Procedure 65(b)(2), a TRO may remain in effect for a period "not to exceed 14 days."  Plaintiffs ask this Court to enjoin Defendants from "enforcing . . . ballot restrictions and any associated requirements against Plaintiffs . . . as to submission of signatures required to place them on the November 2020 election ballot as independent candidates" and "printing the November election ballot if it does not include the names of Plaintiffs as candidates."  ECF 4-10 at 3.  This requested relief would change rather than preserve the status quo and thus is not appropriate for a TRO.  And the alleged harm is not immediate—as noted above, the deadline for submission of signatures is August 7, and ballots will not be printed until at least August 27, after a certified candidate list is issued by the Secretary of State's Office.[5]  Both of these events are outside of the fourteen-day window that would be covered by any TRO that this Court might issue in the next few days.  This timeline further demonstrates that the appropriate procedure for considering Plaintiffs' requests for relief is not a TRO application but a preliminary injunction motion, with time allowed for the Defendants to substantively respond.

## II.   THIS COURT SHOULD SET A BRIEFING SCHEDULE ON PLAINTIFFS' REQUEST FOR PRELIMINARY INJUNCTION

Defendants respectfully request that this Court deny Plaintiffs' application for a TRO and instead set a reasonable briefing schedule for Defendants to substantively respond to Plaintiffs' alternative motion for preliminary injunction.

---

[5] *See* Summary of Qualifications and Requirements for the Office of Presidential Elector, https://elections.cdn.sos.ca.gov//statewide-elections/2020-primary/president-elector-independent.pdf; November 3, 2020, General Election Calendar, https://elections.cdn.sos.ca.gov//statewide-elections/2020-primary/section-8-general-calendar.pdf at p. 8-6.

4

Defendants' Opposition to Plaintiffs' Application for Temporary Restraining Order and Request
for Briefing Schedule on Motion for Preliminary Injunction (2:20-cv-05859-DMG-Ex)

As mentioned, Plaintiffs' complaint and TRO application total over 100 pages of materials. *See* ECF 4 through 4-9. The TRO application is accompanied by *eight* declarations, three of which attach multiple exhibits. ECF Nos. 4-2 through 4-9. This leaves Defendants with insufficient time to substantively respond in a way that would be helpful to the Court if a response is due within a 24-hour time frame, regardless of the official time of service. Defendants should be afforded a reasonable amount of time to respond to Plaintiffs' motion for preliminary injunction and to gather and submit evidence that would aid the Court in its determination of the issues presented. Plaintiffs will not be harmed in any way by allowing Defendants time to respond since, as explained above, the deadline for submission of signatures is not until August 7, over a month from the date of this filing.

The need to establish a reasonable briefing and hearing schedule, rather than proceed by way of an expedited TRO process, is underscored the by the striking delay and lack diligence displayed by Plaintiffs. Not only have Plaintiffs been aware of the circumstances underlying their filing for months, but the TRO application plainly has been in the works for some time, as evidenced by supporting declarations signed well ahead of the filing date. *See e.g.*, Ayala Decl., ECF 4-5 (signed June 23, 2020); Castillo Decl., ECF 4-6 (signed June 24, 2020); Ellevold Decl., ECF 4-7 (signed June 23, 2020). Filing this application without advance notice, and expecting a 24-hour turnaround, on a matter relating to the November 2020 general election ballot, is unreasonable.[6]

---

[6] Indeed, although there is insufficient time to respond substantially to the TRO application under the current timeline, even the most cursory assessment makes clear that Plaintiffs' lack of diligence underscores the inappropriateness of emergency equitable relief here. To prevail on the merits of their claims, Plaintiffs must show "reasonably diligent efforts" to comply with state law. *Angle v. Miller*, 673 F.3d 1122, 1134 (9th Cir. 2012). And Plaintiffs' "long delay" in seeking equitable relief "implies a lack of urgency and irreparable harm." *Oakland Tribune, Inc. v. Chronicle Pub. Co*, 762 F.2d 1374, 1377 (9th Cir. 1985).

For these reasons, Defendants propose to file their opposition to the motion for preliminary injunction on or before July 13, 2020, with any reply from Plaintiffs due July 17, 2020, with a hearing on the next date available on the Court's calendar before August 7, 2020.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiffs' Application for a TRO be denied and that a reasonable briefing schedule be set on the motion for preliminary injunction.

Dated:  July 1, 2020                                  Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General

/s/ Amie L. Medley
AMIE L. MEDLEY
Deputy Attorney General
*Attorneys for Governor Gavin Newsom and Secretary of State Alex Padilla, in their Official Capacities*